# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## STATESVILLE DIVISION

| | |
|---|---|
| **DARREN GUY,** | )<br>) |
| **Plaintiff,** | )<br>) |
| v. | ) Case No.: |
| | ) |
| **CRAFTMASTER FURNITURE,** | )<br>)<br>) |
| **Defendant.** | )<br>) |

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, DARREN GUY (hereinafter "Plaintiff" or "Guy") and files his Complaint against Defendant, CRAFTMASTER FURNITURE (hereinafter "Defendant" or "Craftmaster") and in support states the following:

## NATURE OF THE CLAIMS

1. This is an action for monetary damages, pursuant to Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 *et seq*. (hereinafter "ADA") to redress Defendant's unlawful employment practices against Plaintiff, including Defendant's unlawful discrimination, harassment, and retaliation against Plaintiff because of his disability leading to his unlawful termination.

## JURISDICTION AND VENUE

2. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights under the ADA.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because a substantial

1

part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein occurred in this district.

## THE PARTIES

4. Plaintiff, Croff, is a citizen of the United States, and was at all times relevant, a citizen of the State of North Carolina, residing in Caldwell County, North Carolina.

5. Defendant, Craftmaster Furniture, is a For Profit Corporation with its principal place of business in Hiddenite, North Carolina.

6. Defendant is a covered employer under the ADA.

## PROCEDURAL REQUIREMENTS

7. Plaintiff has complied with all statutory prerequisites to filing this action.

8. On November 20, 2020, Plaintiff filed a claim with the Equal Employment Opportunity Commission ("EEOC"), against Craftmaster Furniture, satisfying the requirements of 42 U.S.C. § 2000e5(b) and (e), based on disability discrimination and retaliation.

9. Plaintiff's EEOC charge was filed within three hundred days after the alleged unlawful employment practices occurred.

10. On December 14, 2021, the EEOC issued to Plaintiff a Notice of Suit Rights.

11. This complaint was filed within ninety days Plaintiff's receipt of the EEOC's Notice of Suit Rights.

## FACTUAL ALLEGATIONS

12. Plaintiff is a male who is disabled.

13. Plaintiff was able to perform essential job functions.

14. Plaintiff was hired by Defendant on or about February 1, 2020 as a Machine Operator.

15. At all relevant times, Plaintiff suffered from chronic kidney stones, which classifies

2

him as a disabled individual under the ADA.

16. Plaintiff's disability was chronic and ongoing, and it substantially limited one or more of his major life activities, including standing, lifting, bending, driving, and working, and constituted a disability under applicable law.

17. In mid-September, 2020, Plaintiff began to feel ill and experienced severe pain while at work.

18. Plaintiff verbally informed Randy Underwood, Plant Manager for Defendant, that he was experiencing pain and needed to see a doctor.

19. Plaintiff immediately went to the clinic and was diagnosed with kidney stones, which required surgery.

20. Plaintiff's doctor scheduled Plaintiff's surgery for September 23, 2020, and wrote a note stating Plaintiff would be out of work until October 8, 2020, which was faxed to Defendant as a request for a reasonable accommodation in the form of a brief medical leave of absence from work.

21. Additionally, Plaintiff verbally informed David Fortner, Department Supervisor for Defendant, and showed Mr. Fortner the doctor's note stating Plaintiff would be out of work until October 8, 2020.

22. In response, Mr. Fortner stated, "People with kidney stones work all the time. Why can't you work."

23. Plaintiff further explained that he would be having surgery as soon as he could, to which Mr. Fortner replied, "You better get something done, or it's your ass."

24. Plaintiff underwent surgery on September 23, 2020, as planned.

25. On October 7, 2020, Plaintiff called Linda (last name unknown), Personnel for Defendant, to inquire about his return to work.

26. However, Linda informed Plaintiff that his employment had been terminated.

27. Plaintiff has been damaged by Defendant's illegal conduct.

28. Plaintiff has had to retain the services of the undersigned counsel and has agreed to pay said counsel reasonable attorneys' fees.

## Count I: Disability Discrimination in Violation of the ADA

29. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-28 above.

30. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

31. Plaintiff was able to perform the essential functions of her job at the time of her termination.

32. Defendant is prohibited under the ADA from discriminating against Plaintiff because of her disability with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

33. Defendant violated the ADA by unlawfully terminating and discriminating against Plaintiff based on her disability.

34. Plaintiff has been damaged by Defendant's illegal conduct.

35. Defendant's discriminatory conduct, in violation of the ADA, has caused Plaintiff to suffer a loss of pay, benefits, and prestige.

36. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling him to compensatory damages.

37. Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling him to punitive damages.

## Count II: Failure to Accommodate under the ADA

38. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-28 above.

39. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA because Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

40. Plaintiff was able to perform the essential functions of his job at the time of his termination.

41. Defendant is prohibited under the ADA from discriminating against Plaintiff because of her disability with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

42. Defendant is required under the ADA to engage in the interactive process and provide reasonable accommodations for Claimant's disability.

43. Defendant failed to reasonably accommodate Plaintiff or engage in the interactive process.

44. Defendant's discriminatory conduct, in violation of the ADA, has caused Plaintiff to suffer a loss of pay, benefits, and prestige.

45. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling him to compensatory damages.

46. Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling him to punitive damages.

## Count III: Retaliation under the ADA

47. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-28 above.

48. Defendant intentionally retaliated against Plaintiff for engaging in protected activity.

49. Defendant's conduct violates the ADA.

50. Plaintiff has satisfied all statutory prerequisites for filing this action.

51. Defendant's discriminatory conduct, in violation of the ADA, has caused Plaintiff to suffer a loss of pay, benefits, and prestige.

52. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling him to compensatory damages.

53. Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling him to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a) Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial, punitive damages, and prejudgment interest thereon;

b) Grant Plaintiff her costs and an award of reasonable attorneys' fees (including expert fees); and

c) Award any other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

                Respectfully Submitted,

                */s/ Gary Martoccio*
                Gary Martoccio
                North Carolina Bar # 54125
                **Spielberger Law Group**
                4890 W. Kennedy Blvd., Ste. 950
                Tampa, Florida 33606
                T: (800) 965-1570
                F: (866) 580-7499
                Gary.Martoccio@spielbergerlawgroup.com

                *Counsel for Plaintiff*