IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CASE NO. 5:22-cv-00024-KDB-DSC

DARREN GUY,

    Plaintiff,

v.

CRAFTMASTER FURNITURE,

    Defendant.

**CONFIDENTIALITY AND PROTECTIVE ORDER**

THIS MATTER is before the Court upon the parties' Joint Motion for Confidentiality and Protective Order, seeking a protective order to facilitate the discovery and disclosure of confidential business, financial, personnel, and personal information in this action.

THE COURT, having considered the Motion and other appropriate matters of record, hereby GRANTS the Motion.

Pursuant to Rule 26(c)(1) of the Federal Rules of Civil Procedure and upon agreement of the parties, and deeming it just and proper to do so, it is hereby ORDERED that:

    1.    <u>Scope of Order</u>.  This Order governs the handling and disclosure of all materials produced, given, exchanged, or filed herein by any party or witness during discovery and other proceedings in this action (which includes but is not limited to all claims against all parties, including third party claims, and mediation, arbitration, or other alternative dispute resolution process, settlement proceedings and/or appeals) designated as "Confidential Information."

2. <u>Agreement on Use of Confidential Information</u>. All Confidential Information, as defined and designated in accordance with this Order, shall be used solely in the prosecution or defense of this action, as defined above, and shall not be used or disclosed by any person for any other purpose.

3. "<u>Document</u>." When used in this Order, the term "document" means all writings, drawings, graphs, charts, recordings, computer disks and tapes, audiotapes, videotapes, and any other documents as defined in Rule 34 of the Federal Rules of Civil Procedure.

4. "<u>Material</u>." When used in this Order, the term "material" means any document, any answer to any interrogatory or other discovery request in this action, any portion of any deposition (including deposition exhibits) in this action, and any other information produced, given, or filed in this action.

5. "<u>Confidential Information</u>." When used in this Order, the term "Confidential Information" means a trade secret or other confidential or proprietary information including, but not limited to, medical records, personnel and payroll records and files, financial records and data, business records and data, business policies and procedures, any information that would place the party producing such information at a competitive disadvantage in the event such information were released to competitors or to the general public, and any other information which shall be designated as confidential pursuant to this Protective Order.

6. <u>Designation of Confidential Material</u>. A party or witness in this action may designate material produced in the course of discovery by that party or witness

as "Confidential Information." The production or disclosure pursuant to the terms of this Protective Order by a person shall not waive or prejudice the right of that person to object to the production or admissibility of documents or information in this or any other action. Any party who produces Confidential Information as defined in this Order or who designates material as Confidential Information as set forth in this Paragraph shall be referred to as the "Designating Party." Any party who seeks to disclose to another party any material deemed to be Confidential Information pursuant to this Order shall be referred to as the "Disclosing Party."

Designation of material as Confidential Information shall be made as follows:

a. In the case of documents furnished by the Designating Party, by writing, typing, or stamping on the face of such document the legend "CONFIDENTIAL INFORMATION";

b. In the case of discovery responses, by responding separately to the requests which elicit Confidential Information and by writing, typing or stamping on each such page of such separate responses, or on the title or cover page, the legend "CONFIDENTIAL INFORMATION"; and

c. In the case of deposition testimony, either by (i) designating the question asked or the testimony given, at the time asked and/or given, as Confidential Information, (if the confidential portion of a transcript cannot be conveniently segregated then the entire transcript or pleading shall be deemed confidential), or (ii) by giving notice in writing to the reporter and counsel of record for all parties within thirty days after receipt of the transcript of the portions containing Confidential Information, in which event all parties shall appropriately mark their copies of the transcript. Prior to the conclusion of this thirty day period and the party's notification pursuant to this paragraph, both Plaintiff and Defendant shall maintain the deposition and all of its exhibits in strict confidence.

d. A party that fails to mark an item as CONFIDENTIAL INFORMATION at the time of production may later correct its failure in writing, accompanied by substitute copies of each

document bearing the appropriate confidentiality legend. Within five days of receipt of the substitute copies, the receiving party shall return, certify the destruction of, or mark as confidential the previously unmarked documents and all copies, and shall subsequently treat such substituted documents as CONFIDENTIAL INFORMATION. A party's use of the process described hereunder shall not be deemed a waiver in whole or in part of a party's claim of confidentiality.

7. <u>Scope of Permitted Disclosure</u>. Except upon further order of the Court, Confidential Information shall be disclosed only to the following persons:

   a. parties to this action;

   b. the officers, directors, in-house counsel and their staff, and employees of the Defendant who are participating in the prosecution or defense of this action (including but not limited to any mediation, arbitration, or any other settlement process and appeals), or who otherwise have a need to know of the Confidential Information for purposes of the lawsuit;

   c. law firms of record of the parties to this action and such firms' attorneys and office staff;

   d. independent experts and consultants (including in-house experts and consultants) consulted by or assisting a party in this action;

   e. a deponent, witness, or potential witness whom a party or a party's counsel in good faith believes may have information relevant to this action, not covered under Paragraphs 7(a) and 7(b), where the Confidential Information is strictly related to the questions asked to or the testimony of such deponent or witness;

   f. court reporters, the Court, the staff of the Court, mediators, and the members of the jury.

8. <u>Conditions of Disclosure to Experts or Witnesses</u>. Prior to disclosure of Confidential Information to any person set forth in Paragraphs 7(d) and 7(e) of this Order the Disclosing Party shall inform such person that Confidential Information shall be used for the purposes of the prosecution or defense of this action only. The

4

Disclosing Party also shall present a copy of this Order to such person and have such person sign a statement acknowledging that he/she is to be bound by the terms of said Order in the form of Exhibit A, attached hereto. Any person described in Paragraphs 7(a), 7(b) and 7(c) of this Order is bound by the provisions of this Order without the necessity of executing a Confidentiality Agreement. All such persons shall be bound by the terms of the Confidentiality Order, and shall not permit disclosure of Confidential Information other than pursuant to the terms of this Confidentiality Order. Parties shall keep a record of all persons to whom disclosure of Confidential Information is made pursuant to Paragraphs 7(d) and 7(e), and parties shall retain in their possession, custody, and control all Confidentiality Agreements signed by such persons. For good cause shown, parties shall make such records and Confidentiality Agreements available for inspection upon reasonable request of any other party to this Order.

9. <u>Conditions of Other Disclosure</u>. If a party desires to disclose any Confidential Information to any person not described in Paragraph 7 of this Order, counsel for the Disclosing Party shall inform in writing the Designating Party at least ten (10) days in advance of such disclosure (or such other time as agreed to by the parties in writing) of the intent to so disclose, including a general description of the materials to be disclosed, the designation given to such material, and the name and address of the person to whom the disclosure is to be made. If the Designating Party gives notice of objection to such disclosure within the prescribed ten (10) day period, such objection must be resolved by the Court before the disclosure may be made. In

the event of any such objection, the Disclosing Party shall bear the burden of moving for resolution of the dispute by the Court.

10. <u>Objection Procedure</u>. Any dispute as to the designation of any materials as confidential shall be resolved by the Court upon motion of either party. The Designating Party shall bear the burden of showing good cause for the designation under Rule 26(c)(1)(G) of the Rules of Civil Procedure and this Order. During the period between the initial designation of the material by the Designating Party and the Court's determination of the objecting party's motion, such material shall be treated as Confidential Information under this Agreement.

11. <u>Filing with Court</u>. Before filing any information that has been designated "CONFIDENTIAL INFORMATION" with the Court, or any pleadings, motions or other papers that disclose any such information, parties shall confer with the party that produced the information so designated about how it should be filed. If the party that produced the information so designated desires that the materials be filed under seal, then the filing party shall file the materials in accordance with the applicable Rules of Civil Procedure and Local Rules, including but not limited to LCvR 6.1.

12. Nothing in this Order shall prohibit disclosure of a document which has been designated Confidential Information to the author of such document or any person(s) who received such document.

13. <u>Trial</u>. This Order is concerned only with procedures for the disclosure and use of Confidential Information during the pretrial stages of this action. A

6

4864-9520-0805.v2
Case 5:22-cv-00024-KDB-DSC   Document 12   Filed 07/01/22   Page 6 of 12

separate order will be entered at the appropriate time regarding the use of Confidential Information during the trial or trials of any matter or issue herein.

14. <u>Return of Information</u>. With the exception of material maintained in the files of the Court, upon (i) entry of a final judgment no longer subject to appeal on the merits of this case, or (ii) the Court's approval, if required, or execution by the Parties if Court approval is not required, of any agreement between the Parties to resolve amicably and settle this case, the Parties and any person authorized by this Protective Order to receive Confidential Information shall return the Confidential Information to the Designating Party or destroy such material, including all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any Protected Material. Notwithstanding the foregoing, legal counsel for the Parties may retain archival copies of Confidential Information, work product in which Confidential Information may be discussed or attached, and court filings in which Confidential Information may be discussed or attached. Any such archival copies remain subject to this Protective Order. Counsel is not required to delete Confidential Information from back-up drives, and may destroy such information in accordance with its electronically stored information protocols.

15. <u>Enforcement of Order</u>. Each person who receives Confidential Information in this action submits himself or herself to the personal jurisdiction of the Court, wherever he or she shall be found, solely for the purposes of the enforcement of this Order.

16. <u>Modification in Writing</u>. The parties may modify this Order at any time by an agreement in writing, signed by both parties. Any such modification shall be put in the form of an order modifying this Order and shall become effective upon the date on which it is entered by the Court. In addition, either party may move for an order modifying this Order upon good cause shown. Prior to any such application, the party seeking to modify this Order will confer with the other party to attempt to reach an agreement with respect to such modification.

17. <u>Effective Date of Order</u>. It is the intention of the parties to submit this Order for approval as an Order of this Court. Nonetheless, the agreement of the terms of this document is effective as between the parties immediately upon execution by the parties. Any designation of confidentiality hereunder shall not be affected by reason of the fact it may have taken place prior to or in lieu of a final confirmation of this Order by this Court.

**SO ORDERED**.

Signed: July 1, 2022

_____

David S. Cayer
United States Magistrate Judge

CONSENTED TO BY:

| | |
|---|---|
| D. Bryan Starrett<br>NC State Bar No. 40100<br>bstarrett@brookspierce.com<br>Jessica Thaller-Moran<br>NC State Bar No. 46444<br>jthaller-moran@brookspierce.com<br>BROOKS, PIERCE, McLENDON,<br>    HUMPHREY & LEONARD, L.L.P.<br>P.O. Box 26000<br>Greensboro, NC  27420<br>Phone: (336) 271-3147<br>Fax: (336) 232-9147<br><br>*Attorneys for Defendants* | Gary Martoccio<br>NC State Bar No. 54125<br>Gary.martoccio@spielbergerlawgroup.com<br>SPIELBERGER LAW GROUP<br>4890 W. Kennedy Boulevard, Suite 950<br>Tampa, FL 33606<br><br>*Attorney for Plaintiff* |

# EXHIBIT "A"

# AGREEMENT CONCERNING CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER ENTERED IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF NORTH CAROLINA

  The undersigned hereby acknowledges that he or she has read the Confidentiality and Protective Order in the action entitled *Guy v. Craftmaster,* No. 5:22-cv-00024-KDB-DSC, understands the terms thereof and agrees to be bound by those terms as if a signatory thereto. The undersigned further understands that violation of the Confidentiality and Protective Order shall be punishable by the contempt powers of the Court, including imposition of a fine in the amount of damages sustained by a Designating Party and an award of costs and attorneys' fees.

_____
(Date)

_____
(Signature)

_____
Name (Print)

Business address:

_____
_____
_____

## **CERTIFICATE OF SERVICE**

        I hereby certify that on June 30, 2022, I electronically filed the foregoing document(s) with the Clerk of Court using the CM/ECF system which will send notification of such filings to the attorneys of record.

        /s/ Jessica Thaller-Moran
        Jessica Thaller-Moran